## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERMAINE LASTER,

        Petitioner,

    v.

WARDEN BARAZA,

        Respondent.

No. 4:23-CV-00486

(Chief Judge Brann)

## MEMORANDUM OPINION

### MAY 31, 2023

Petitioner Shermaine Laster, who is confined at the Federal Correctional Institution, Allenwood (FCI Allenwood) in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the custody determination made by the Federal Bureau of Prisons (BOP) in his case. Because Laster has failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition.

## I. BACKGROUND

Laster is currently serving a 40-month sentence imposed by the United States District Court for the Northern District of Texas for possession of a firearm

by a convicted felon.[1]  His projected release date, via First Step Act earned time credit, is February 12, 2024.[2]

Laster contends that the BOP has erroneously calculated his custody points and is confining him in a facility that exceeds his appropriate custody classification.  He alleges that he has been assessed at a "custody point level of 18," when his custody level should be "9."[3]  He ask the Court to order the BOP to remove the allegedly inappropriate custody points (related to a state detainer and education) and transfer him to a facility that reflects his lower custody level.[4]

## II.    DISCUSSION

Respondent contends that this Court lacks jurisdiction over Laster's claim and that Laster failed to exhaust available administrative remedies.  The Court need only address Respondent's second argument because, if Laster failed to exhaust his administrative remedies, the Court must dismiss his petition as it is barred from reviewing his claim on the merits.[5]

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has

---

[1]   *See* Doc. 7-1 at 1 ¶ 3; *id.* at 5.
[2]   *See* Doc. 7-1 at 1 ¶ 3; *id.* at 5.
[3]   Doc. 1 at 1.
[4]   *Id.* at 6.
[5]   *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

consistently held that exhaustion applies to such claims.[6]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[7]

The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[8]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[9]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[11]  Exhaustion is likewise excused when it would be futile.[12]

---

[6]   *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

[7]   *Moscato*, 98 F.3d at 761-62 (citations omitted)

[8]   *See generally* 28 C.F.R. §§ 542.10-.19.

[9]   *See id.* §§ 542.13-.15.

[10]   *See Moscato*, 98 F.3d at 761.

[11]   *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[12]   *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Laster appears to concede that he has not exhausted his administrative remedies.[13]  He asserts that he has only sought informal review.[14]  Respondent confirms that Laster has failed to file an administrative remedy related to his custody classification, let alone appeal that decision to the Regional Director or General Counsel.[15]

Laster's claim does not involve statutory construction.  Nor has Laster demonstrated that exhaustion would be futile.  And his mere allegation that "it would be futile to exhaust the administrative remedies [sic],"[16] without pursuing formal review by the Warden or appeal to higher BOP authorities, is insufficient to circumvent the general exhaustion requirements for Section 2241 petitions. Moreover, because Laster has failed to exhaust his administrative remedies, it is impossible for the Court to determine what the BOP's official position is regarding his specific custody-classification claim.[17]  Consequently, the Court must dismiss Laster's Section 2241 petition for failure to exhaust administrative remedies.[18]

---

[13]  *See* Doc. 1 at 2-4.

[14]  *Id.* at 2.

[15]  *See* Doc. 7-1 at 2 ¶ 5.

[16]  Doc. 1 at 2.

[17]  *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

[18]  *See Moscato*, 98 F.3d at 761.

The Court additionally observes that, although Laster did not formally grieve his custody-classification claim, it appears that the BOP has made corrections to Laster's custody-classification points and that he is currently classified as a "Low" security inmate.[19]  However, Respondent explains that because Laster "is scheduled for a transfer to a halfway house on June 27, 2023, . . . he does not have enough time remaining on his sentence to affect a transfer to a lower security facility prior to his halfway house transfer."[20]  In any event, Laster's failure to exhaust available administrative remedies precludes this Court from reviewing the instant claim.

## III.   CONCLUSION

For the foregoing reasons, the Court must dismiss Laster's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[19]  *See* Doc. 7-1 at 2 ¶ 6; *id.* at 11.
[20]  Doc. 7-1 at 2 ¶ 7.